Filed 3/17/14  In re Andre B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re ANDRE B., a Person Coming Under the Juvenile Court Law. | |
| | D063509 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM227937) |
| v. | |
| ANDRE B., | |
| Defendant and Appellant. | |

APPEAL from a true finding of the Superior Court of San Diego County, Carlos O. Armour, Judge.  Reversed.

Elizabeth Garfinkle, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

A petition was filed pursuant to Welfare and Institutions Code section 602 alleging that Andre B. (the Minor) was in violation of a previous grant of probation following a true finding that the Minor had committed a violation of Penal Code section 288, subdivision (a).

Following an adjudication hearing the court found the allegation of probation violation to be true. The court thereafter removed the Minor from the custody of his parents and placed him under the care, custody and control of the probation department.

The Minor filed a timely notice of appeal.

The Minor appeals contending the trial court erred in admitting a portion of a previous probation report in order to prove prior acts of sexual misconduct pursuant to Evidence Code sections 1101 and 1108. The People have responded claiming the issue was waived by failure to object. However, the People make no effort to defend the trial court's decision on the merits. Based on our review of the record we are satisfied defense counsel adequately raised hearsay and confrontation clause objections to the proposed evidence and that the trial court erroneously overruled such objections. Accordingly, we will find the Minor's Sixth Amendment right to confrontation was violated and therefore reverse the true finding.

STATEMENT OF FACTS

The Minor's summary of the facts presented at trial is concise and accurate and we adopt it here.

Sandy V. and her family lived in the same apartment complex, next door to the Minor, who would play with her four-year-old daughter, A. On October 5, 2012, the

2

Minor was playing with A. and her two-year-old brother, while the two children were inside the child gate in the doorway of the apartment, and the Minor was outside the gate. A. was wearing a shirt and underpants. Playing peek-a-boo with a little bunny doll in his hand, the Minor would hide and then say "boo" and make the kids laugh. Ms. V. stepped out from her room into the hallway and noticed the Minor, who was on the outside of the gate from the children and about 15 feet away from Ms. V., had his hand momentarily on the crotch area on the outside of her daughter's underpants. Ms. V. then explained that she did not actually see the Minor's hand touching her daughter, whose back was to her. She did not know if his fingers or his palm touched her, or how or where the Minor touched her, but she did see him pull his hand away from her daughter, and she was "pretty certain" he touched her.

Ms. V. screamed and said, "A.," closed the front door and told A. to go to her room. A. was upset about not playing anymore and began to cry. After speaking to her husband, Ms. V. called the police.

## DISCUSSION

At the adjudication hearing the prosecution sought to introduce the Minor's prior adjudications under Penal Code sections 288, subdivision (a) and 647.6 as evidence of sexual propensity under Evidence Code sections 1101 and 1108. The Minor objected to the admission of the details of such adjudications based on prejudice (Evid. Code, § 352) and on the grounds the contents of the previous social study were hearsay and violated the Minor's confrontation rights. The trial court overruled the objections based upon its conclusion that since the Minor had confronted witnesses at the previous adjudication,

3

confrontation was satisfied. The court also observed that while the rules of evidence apply to juvenile proceedings the court had more latitude to admit a broader range of evidence.

After its ruling the court adjourned to review the file for the purposes of making its Evidence Code section 352 analysis. Following an unrecorded conference with counsel, the parties agreed the portion of the previous social study that would be admitted was: "As far as the PC 288(a) conviction is concerned, the facts presented to the court were that Andre was convicted of digitally penetrating a two-year-old victim's vagina, which caused a laceration."

### A. Hearsay and Confrontation

As a general proposition, out-of-court statements offered by its proponent to prove what it states is hearsay and, unless subject to some exception "should be excluded upon timely and proper objection." (*In re Miranda* (2008) 43 Cal.4th 541, 574.) The trial court did not offer any analysis of the hearsay objection. The prosecution offered only a reference to a case cited as "Westin" without any record citation. Perhaps the prosecution was referring to *People v. Wesson* (2006) 138 Cal.App.4th 959 (*Wesson*), which deals with proof of prior conviction by means of the abstract of judgment to prove not only the fact of the conviction but the commission of the underlying offense. (*Id.* at p. 968.)

*Wesson*, *supra,* 138 Cal.App.4th 959 does not address the issue presented here. In this case, the court determined it would take material out of a previous social study to establish not only that the Minor had a true finding for the offense, but also the details of the offense. The social study contains the probation officer's statements about what had

4

been proved. It was not prior recorded testimony or an abstract of judgment. As such it was hearsay, and no established exception has been presented by the prosecution, the court or the People on appeal. Although the trial court could take judicial notice of the existence of the social study, it could not take judicial notice of the truth of the statements of the probation officer who wrote the study. (*In re Tanya F.* (1980) 111 Cal.App.3d 436, 440.)

Regarding confrontation, the court simply observed: "I understand. He already had a right to confront those witnesses in those cases already, so the confrontation issue has been satisfied. And, I think that the court can employ alternative means to get the same information. I don't think we have to call, the court has to hear from those victims again."

Basic to the Sixth Amendment right to confrontation is the literal ability to confront and cross-examine the witness at the time the witness is giving his or her testimony. That is an essential part of the process of testing the reliability of the witnesses' testimony and cannot be foreclosed for convenience. (*Lilly v. Virginia* (1999) 527 U.S. 116, 123-124; *California v. Green* (1970) 399 U.S. 149, 157.)

The problem with the trial court's analysis is that the prior recorded testimony of the witnesses was not offered under some exception to the hearsay rule. In such case it is possible that the court could rely on the Minor's previous opportunity to cross-examine those witnesses. That is not what was to be admitted here. Rather, the court determined it could use a probation officer's summary of the facts of the previous true finding for the truth of the officer's statement. Plainly, the Minor did not have the opportunity to cross-

5

examine the officer, nor was there a valid exception to the hearsay rule offered to or considered by the court. On this record, the juvenile court should not have admitted the contents of the officer's statements. Further, it is clear the court relied heavily on the "facts" of the previous adjudication to show propensity to commit the current offense.

We are satisfied the error was not harmless. The evidence of the current conduct was weak, in that the victim's mother was unable to observe exactly what the Minor was doing, and the victim was too young to testify. In the court's decision it relied heavily on the facts of the prior adjudication, such that we cannot say the error was harmless.

### B. Waiver

The People's only response to the appeal is that the issues of hearsay and confrontation have been waived. Although the record plainly shows defense counsel objected to the evidence on the grounds of relevance, prejudice, hearsay and confrontation, all of which were overruled, the People contend the issues were waived when counsel agreed to the content of the statement to be introduced. Respectfully there is no basis for application of the waiver or forfeiture doctrine in this record. First, defense counsel objected stating:

> "Your Honor, if I may, I would object to that. I believe that that's violative of my client's constitutional rights to confrontation. I think it's hearsay. [¶] I think if the people wanted to bring the facts in that case there's other ways to do it such as bringing in the prior victim to testify, which I think is proper; but I don't think that getting into the facts is appropriate. I think it would be violative of the confrontation clause and hearsay. [¶] I mean, 1101 would potentially allow them to bring in that evidence, but I don't think we can get around the hearsay or confrontation clause about juries (sic) by using that."

The juvenile court acknowledged the objection and overruled it, stating:

6

"I understand. He had a right to confront those witnesses in those cases already, so the confrontation issue has been satisfied. And, I think that the court can employ alternative means to get the same information. I don't think we have to call, the court has to hear from those victims again. [¶] I think the fact that there is a true finding or a conviction is sufficient for the court to accept the validity of the elements of those offenses. [¶] . . . [¶] . . . Now, I can look at the file myself, which I think I have a right to do now, and see what information is there and just cull out the information that I think is appropriate and disregard the information in the prior record which I think isn't appropriate for me to consider."

Trial counsel then renewed her objection:

"I disagree. . . . I don't think the court can look -- it would be just as if we were giving a file to the jury that's reviewing it, 'Well, okay, here, look at whatever you want to look at to make your determination.' [¶] I still think we're bound by the rules of evidence and I think we're bound by the prosecution presenting that evidence to the court in somewhat of a fashion that doesn't violate the confrontation clause. And I don't think the prosecution synopsis of what happened is enough. We would never do that in a jury trial. So, I think whatever needs to be done, it's not that."

The juvenile court then indicated that it was overruling trial counsel's objection as to the admissibility of the evidence stating:

"The offer was made that the minor prior record does exist in the court file. And what I indicated was that I can take judicial notice of that record. [¶] *I think its admissibility has been shown and demonstrated.* The only issue is the 352 exercise that I have to go through, and I can't go through that exercise in the blind. I have to see what, what there is. And then I'll come on the record and state what I'm considering on the basis of what I've read and what I'm not going to consider." (Italics added.)

After the trial court made clear the material would be admitted over objection, it appears some effort was made by counsel to agree on what portion would be admitted after the court's Evidence Code section 352 analysis had been completed. We are

7

satisfied the defense never gave up its objections, rather simply agreed that if the hearsay statements in the social study were to be admitted, that the proposed statements from the study would suffice.

The case before us is quite different than those where the defense should have offered its objection "at the time the evidence is introduced" (*People v. Demetrulias* (2006) 39 Cal.4th 1, 22), or where the objection was not timely made (*People v. Alvarez* (1996) 14 Cal.4th 155, 186).  Here the defense timely and vigorously objected on specific grounds, all of which were overruled by the court.  However, the court was still pursuing the least prejudicial means of admitting the evidence.  Counsel realistically had no choice but to continue to minimize the impact of the trial court's error.  No forfeiture can be implied by defense counsel's action.

## DISPOSITION

The true finding on the petition is reversed.


HUFFMAN, Acting P. J.

WE CONCUR:


McDONALD, J.


McINTYRE, J.

8